IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV284 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| $12,000.00 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| NATHAN MANNANI and BRYSON NEWSOME, | ) ) | |
| | ) | |
| Claimants. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery (Filing No. 19). The plaintiff filed an index of evidence (Filing No. 20) in support of the motion. Specifically, the plaintiff seeks an order compelling the claimants Nathan Mannani (Mannani) and Bryson Newsome (Newsome) to appear for depositions in this matter.

Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance). However, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as

contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default judgment entered. Fed. R. Civ. P. 37(b)(2)(A).

In this case, the plaintiff's counsel states that she negotiated with the claimants' counsel for an agreed-upon date and time for the claimants to appear in her office for their depositions. **See** Filing No. 19 - Motion. Based upon the negotiation, the plaintiff filed a Notice of Deposition Duces Tecum, giving the claimants reasonable written notice of the scheduled depositions. **See** Filing No. 16. Additionally, the claimants' counsel represented he had spoken to Mannani, who told counsel that he (Mannani) would speak to Newsome about the deposition time and get back to counsel. **See** Filing No. 20 - Ex. A Transcript p. 4-5. Neither Newsome nor Mannani appeared at the scheduled depositions or contacted their counsel. *Id.* at 4. The claimants' counsel did appear for the depositions. *Id.* Accordingly, the plaintiff seeks an order compelling the claimants to appear for depositions.

The court finds the plaintiff gave the claimants reasonable written notice of the depositions. The claimants failed to appear at the noticed depositions. Additionally, it appears the plaintiff attempted to confer with the claimants' counsel to secure the claimants' attendance at the depositions. The claimants' counsel gave no information about why the claimants failed to appear. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Discovery (Filing No. 19) is granted.

2. Nathan Mannani and Bryson Newsome shall present themselves for depositions to be rescheduled at the convenience of the parties and their counsel **on or before June 13, 2011**.

3. The parties shall prepare a proposed final pretrial conference order in accordance with NECivR 16.2 and submit it to the assigned magistrate judge **on or before July 13, 2011**.

Dated this 11th day of May, 2011.

                                             BY THE COURT:

                                             s/ Thomas D. Thalken
                                             United States Magistrate Judge