# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:10CV284 |
| ) | |
| vs. ) | ORDER |
| ) | |
| $12,000.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| NATHAN MANNANI and ) | |
| BRYSON NEWSOME, ) | |
| ) | |
| Claimants. ) | |

This matter is before the court on the plaintiff's Motion to Strike (Filing No. 23). The plaintiff filed a brief (Filing No. 25) and an index of evidence (Filing No. 24) in support of the motion. Specifically, the plaintiff seeks an order striking the claim and answer for the claimants Nathan Mannani (Mannani) and Bryson Newsome (Newsome) for their repeated failures to appear for depositions in this matter. Mannani and Newsome filed an Objection (Filing No. 26) to the plaintiff's motion.

Mannani and Newsome failed to appear at their previously noticed depositions. Thereafter, on May 11, 2011, the court ordered Mannani and Newsome to appear for depositions on or before June 13, 2011. **See** Filing No. 21. Mannani and Newsome also failed to appear for the court-ordered depositions, which were scheduled on a date and at a time mutually agreed upon by counsel for Mannani and Newsome and counsel for the plaintiff. **See** Filing No. 25 - Brief p. 2. The record shows Mannani and Newsome refuse to make themselves available for depositions despite being able to reschedule. *Id.* at 2-3; **see also** Filing No. 24 - Ex. A Transcript p. 4-6. The court finds the plaintiff gave the claimants reasonable written notice of the depositions. **See** Filing No. 22 - Notice. Additionally, it appears the plaintiff attempted to confer with the claimants' counsel to secure the claimants' attendance at the depositions. The claimants' counsel appeared for

the depositions and explained the claimants had no intention of appearing as ordered and noticed.

"The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default entered. Fed. R. Civ. P. 37(b)(2)(A). In addition to a willful or intentional failure to provide discovery, the court finds Mannani's and Newsome's conduct is evidence of a persistent pattern of delay causing prejudice to the plaintiff. **See *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009)**; **see also *In re O'Brien*, 351 F.3d 832, 839-40 (8th Cir. 2003)**; ***Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)** (noting dismissal for sanction appropriate after finding the party's failure to provide discovery in compliance with court order was deliberate or in bad faith); ***Laclede Gas Co. v. G. W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir. 1979)** (noting court authority to use dismissal of claims as a sanction for failure to provide discovery and failure to obey court order). Mannani and Newsome contend the plaintiff's ability to proceed with this forfeiture action is not hindered by their conduct. **See** Filing No. 26. However, the court finds the claimants' failure to provide requested discovery does prejudice the plaintiff's presentation of the case and ability to defend against their claims on the defendant currency. Furthermore, the claimants' failure to provide discovery as required by court order is deliberate. Under such circumstances, the court finds the appropriate remedy is to strike the non-compliant parties' pleadings. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Strike (Filing No. 23) is granted.
2. Nathan Mannani and Bryson Newsome's Objection (Filing No. 26) is overruled.

3. Since the claimants Nathan Mannani and Bryson Newsome failed to present themselves for properly noticed depositions and failed to comply with a court order, the Clerk of Court shall strike the answer ([Filing No. 9](#)) and claim ([Filing No. 10](#)) of Nathan Mannani and Bryson Newsome, and make a Clerk's entry of default against Nathan Mannani and Bryson Newsome. The entry of default may be set aside, upon appropriate written motion, if Nathan Mannani and Bryson Newsome provide the previously requested discovery, prior to entry of default judgment.

Dated this 6th day of July, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge