IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:10CV284 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| $12,000.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the government's motion for default judgment against $12,000.00 in United States Currency ("Currency"). Filing No. 29. The government brought this action against the Currency under 21 U.S.C. § 881, in accordance with 28 U.S.C. §§ 1345, 1355, and 1395, alleging the Currency was proceeds of illegal drug transactions. Filing No. 1. Shortly after the government filed suit, Nathan Mannani and Bryson Newsome (collectively "Claimants") filed a claim to the Currency and denying the Currency was proceeds of illegal drug transactions. Filing No. 10. On September 8, 2011, the magistrate judge entered an order setting the schedule for progression of this case in which the magistrate judge authorized the parties to commence discovery. Filing No. 12.

As part of its discovery process, the government scheduled depositions of Claimants on April 6, 2011. Filing No. 16. Claimants did not appear for their scheduled depositions on April 6, 2011. The government brought a motion pursuant to Fed. R. Civ. P 37(a)(3)(C) asking the court to "enter an [o]rder directing the Claimants . . . to present themselves for deposition[s]." Filing No. 19. The magistrate judge granted the government's motion and ordered the Claimants to present themselves for depositions on or before June 13, 2011. Filing No. 21. The government rescheduled depositions of Claimants, this time on June 2, 2011. Filing No. 22. The Claimants failed to present themselves for their rescheduled depositions on June 2, 2011. Filing No. 24-1. The government then moved to strike the

Claimants' previously filed Claim and Answer. Filing No. 23. The Claimants filed their objection to the government's motion to strike and asserted the government was not hindered in its ability to proceed with the case despite Claimants' failure to present themselves for depositions. Filing No. 26.

The magistrate judge, after considering both the government's and the Claimants' contentions, overruled Claimants' objection and granted the government's motion to strike. Filing No. 27. The clerk of court then issued an entry of default against the Claimants. Filing No. 28. The government then moved for an order entering default judgment against the Claimants. Filing No. 29. The Claimants object to the government's motion for default judgment on the same grounds as their previous objection and assert the government is not hindered in its ability to proceed with the case despite Claimants' failure to present themselves for depositions. Filing No. 30.

Having considered the matter, the court finds the Claimants' objection should be overruled and a default judgment should be ordered in favor of the government. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The court may enter "a default judgment against the disobedient party" in instances where a party does not comply with the court's discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(vi). Furthermore, "a default judgment against a party who has appeared should not be entered unless the party has been put on notice that failure to act in a certain manner may subject him to that sanction." *Marshall v. Boyd,* 658 F.2d 552, 554 (8th Cir. 1981) (citing *Missouri v. Fid. & Cas. Co.,* 107 F.2d 343, 345-46 (8th Cir. 1939)). "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996) (citations omitted). Thus, a default judgment may be considered as a sanction only

if there is: "1) a [prior] order compelling discovery; 2) a willful violation of that order; and 3) prejudice to the other party." *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 817 (8th Cir. 2001) (citing *Keefer v. Provident Life & Accident Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000)).

In this case, the magistrate judge previously issued an order compelling discovery. Filing No. 21. That order specifically informed Claimants of the possible consequences for failure to comply. *Id.* Despite the magistrate judge's warnings, the Claimants willfully violated the magistrate judge's order compelling discovery. One Claimant, Nathan Mannani, has deliberately chosen not to present himself for his deposition apparently for fear of being arrested on an outstanding warrant for his "failure to pay fines and costs." Filing No. 24-1, argument of counsel for the government, page 5, lines 12-18. The other Claimant, Bryson Newsome, has not returned calls made by his counsel regarding this matter. *Id.,* at 5-6, lines 22-6. The court notes "failure to respond to the magistrate judge's discovery order . . . [is] certainly grounds for default judgment. *Ackra,* 86 F.3d at 856 (citations omitted). Finally, the court finds the Claimants' failure to present themselves for depositions prejudices the government in presenting its case. Accordingly, this court determines the Claimants' objection should be overruled and find the order for a default judgment in favor of the government is appropriate in this case.

Additionally, the court makes the following findings:

A. A Warrant for Arrest *in Rem* was issued by this court and was properly executed on the Currency by the U.S. Marshal's Service.

B. Publication of the notice of this action and of the arrest of the Currency was duly made pursuant to order of this court dated August 6, 2010. Filing No. 5.

C. A declaration of publication was filed herein on October 13, 2010. Filing No. 13.

D. On August 17, 2010, the U.S. Marshal's Service served copies of the Verified Complaint, Notice of the Seizure and Procedure, and Warrant for Arrest *in Rem* on

Claimants, as evidenced by the Process Receipt and Return. Filing No. 8. The return indicates service was made by personal service upon their attorney, Donald L. Schense.

E. No other person or entity, other than Nathan Mannani and Bryson Newsome, has filed a claim or answer to the government's complaint within the time fixed by law.

F. The government's motion for default judgment and decree of forfeiture should be sustained.

THEREFORE, IT IS ORDERED:

1. The government's motion for default judgment and decree of forfeiture, Filing No. 29, is hereby sustained.

2. Claimants' objection to default judgment, Filing No. 30, is overruled.

3. All right, title or interest in or to the Currency held by any person or entity is hereby forever barred and foreclosed.

4. The Currency is forfeited to the United States of America.

5. The Currency shall be disposed of by the U.S. Marshal's Service in accordance with law.

DATED this 3rd day of November, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.